1

2

3

4          UNITED STATES DISTRICT COURT

5          NORTHERN DISTRICT OF CALIFORNIA

6

7

8

9   FREDERICK SCHIFF,

10          Plaintiff,                    No. C 08-4627 PJH

11   v.                                   **ORDER GRANTING MOTION TO DISMISS**

12   CITY AND COUNTY OF SAN
     FRANCISCO, et al.,
13
            Defendants.
14   _____/

15          Before the court is the motion of defendant City and County of San Francisco ("the

16   City") to dismiss the above-entitled action for failure to state a claim.  Plaintiff did not file a

17   written opposition to the motion by the date set forth in Civil Local Rule 7-3, and the court

18   was unable to reach plaintiff's counsel by telephone.[1]  Having read defendant's papers and

19   carefully considered defendant's arguments and the relevant legal authority, and good

20   cause appearing, the court hereby GRANTS the motion.

21                                **BACKGROUND**

22          Plaintiff Frederick Schiff is a Sergeant with the San Francisco Police Department

23   ("SFPD").  He is a white male, and at the time he filed the complaint, he was 48 years old.

24   In the present action, he alleges that starting in 1993, he began participating in the SFPD's

25   Lieutenant selection process, and that he remained on the Lieutenant's lists for

26

27          [1] This may be because, as indicated on the State Bar of California's website, plaintiff's
28   counsel Patrick J. Manshardt has been placed on inactive status.  The court also notes that
     defense counsel has been unable to reach plaintiff's counsel, as indicated in defendants'
     recent motion to continue the case management conference.

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

1    approximately the next 15 years.  He asserts that he was repeatedly passed over for

2    promotion in favor of women and minority-race candidates.  He and other officers filed a

3    prior lawsuit alleging employment discrimination, which resulted in a settlement.

4        Plaintiff was a participant in the SFPD's 2005 Lieutenant's examination, and ranked

5    number 29 on the 2005 list.  The 2005 list expired on October 2, 2008.  Plaintiff asserts that

6    despite being ranked 29, and having a score of "8" on the secondary criteria, he was not

7    selected for the position.  He claims that the City promoted those who ranked from 1-12 in

8    rank order, and also promoted those who ranked 13-25, 27-28, 32, 37, 39-40, 44, 48-50,

9    54, 59, and 66.  He alleges that numerous persons selected from the 2005 list had fewer

10   points in the secondary criteria than he did and were objectively less qualified for the

11   position than he was.

12       Plaintiff asserts that he was not selected for the position of Lieutenant from the 2005

13   list because of racial discrimination; and in retaliation for having previously complained to

14   the California Department of Fair Employment and Housing about racial discrimination in

15   1999, for being a plaintiff in the prior action, and for writing a memoranda in September

16   2003 accusing Chief of Police Heather Fong of perjury and misconduct.

17       Plaintiff filed this action on October 6, 2008.  Named as defendants are the City, the

18   SFPD, and Chief of Police Fong.  Plaintiff alleges four causes of action: (1) deprivation of

19   civil rights in violation of 42 U.S.C. § 1981; (2) violation of due process and equal protection

20   rights, under 42 U.S.C. § 1983; (3) racial discrimination and retaliation, in violation of Title

21   VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3; and (4) racial discrimination and

22   retaliation, in violation of the California Fair Employment and Housing Act, California

23   Government Code § 12940(h).

**DISCUSSION**

24

25   A.    Legal Standard

26       A motion to dismiss under Rule 12(b)(6) tests for the legal sufficiency of the claims

27   alleged in the complaint.  Ileto v. Glock, Inc., 349 F.3d 1191, 1199-1200 (9th Cir. 2003).

28   Review is limited to the contents of the complaint.  Allarcom Pay Television, Ltd. v. Gen.

United States District Court

For the Northern District of California

1 Instrument Corp., 69 F.3d 381, 385 (9th Cir. 1995).  To survive a motion to dismiss for

2 failure to state a claim, a complaint generally must satisfy only the minimal notice pleading

3 requirements of Federal Rule of Civil Procedure 8.  Rule 8(a)(2) requires only that the

4 complaint include a "short and plain statement of the claim showing that the pleader is

5 entitled to relief."  Fed. R. Civ. P. 8(a)(2).

6      Specific facts are unnecessary – the statement need only give the defendant "fair

7 notice of the claim and the grounds upon which it rests."  Erickson v. Pardus, 127 S.Ct.

8 2197, 2200 (2007) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  All

9 allegations of material fact are taken as true.  Id.  However, a plaintiff's obligation to provide

10 the grounds of his entitlement to relief "requires more than labels and conclusions, and a

11 formulaic recitation of the elements of a cause of action will not do."  Bell Atlantic, 550 U.S.

12 at 555 (citations and quotations omitted).  Rather, the allegations in the complaint "must be

13 enough to raise a right to relief above the speculative level."  Id.  A motion to dismiss

14 should be granted if the complaint does not proffer enough facts to state a claim for relief

15 that is plausible on its face.  See id. at 558-59.

16 B.    Defendant's Motion

17      The City seeks an order dismissing the SFPD from the case; dismissing the due

18 process claim asserted in the second cause of action; and dismissing the equal protection

19 claim asserted in the second cause of action to the extent that it is based on any protected

20 characteristic other than race.

21      1.    Claims against SFPD

22      The City seeks an order dismissing the SFPD from the case, on the ground that the

23 SFPD, which is part of the City, is not an independent legal public entity.  The motion is

24 GRANTED.  Under § 4.100 of the San Francisco Charter, the SFPD is a unit of government

25 that is part of the City, and has no independent existence apart from the City.

26      2.    Due process claim

27      The City seeks an order dismissing the due process claim alleged in the second

28 cause of action.  The second cause of action appears to encompass three theories under

United States District Court

For the Northern District of California

1  the Due Process Clause – deprivation of plaintiff's procedural due process property

2  interest; deprivation of plaintiff's procedural due process liberty interest; and, possibly,

3  deprivation of substantive due process.  The City contends that these three theories are not

4  viable as a matter of law.

5  A threshold requirement of a due process claim is the plaintiff's showing of a liberty

6  or property interest protected by the Constitution.  Dittman v. California, 191 F.3d 1020,

7  1029 (9th Cir. 1999); Wedges/Ledges of California, Inc. v. City of Phoenix, 24 F.3d 56, 62

8  (9th Cir. 1994).  Whether or not a particular property interest is protected by the

9  Constitution is a matter of state law.  Board of Regents of State Colleges v. Roth, 408 U.S.

10  564, 577 (1972).  In order to establish a property interest, "'a person clearly must have

11  more than an abstract need or desire for it.  He must have more than a unilateral

12  expectation of it.  He must, instead, have a legitimate claim of entitlement to it.'"  Duncan v.

13  Dept. of Personnel Admin., 77 Cal. App. 4th 1166, 1175 (2000) (quoting Roth, 408 U.S. at

14  577).

15  Here, the City contends that plaintiff has failed to state a claim for any violation of his

16  procedural due process interests.  First, the City argues that he has failed to allege facts

17  showing that he has a property interest in a promotion.  In California, the terms and

18  conditions of public employment are fixed by the statute, rules, or regulations creating it,

19  not by contract.  Nunez v. City of Los Angeles, 147 F.3d 867, 872 (9th Cir. 1998).  The City

20  concedes that plaintiff has a constitutionally protected property interest in his permanent

21  civil service position as a Sergeant with the SFPD.

22  Under the rule summarized in Nunez, however, plaintiff's expectation that he would

23  receive a permanent civil service appointment to the promotional rank of Lieutenant is not a

24  cognizable property interest, and plaintiff's claims of deprivation of his procedural due

25  process property interests and deprivation of substantive due process interests (if any) are

26  barred as a matter of law.

27  Second, the City asserts that plaintiff has not stated a claim for any violation of his

28  liberty interests.  The liberty interest protected by the Due Process Clause of the

4

**United States District Court**

For the Northern District of California

1   Fourteenth Amendment encompasses the freedom to work and earn a living.  Thus, when

2   the government terminates an individual's employment for reasons that might seriously

3   damage his standing in the community, he is entitled to notice and a hearing to clear his

4   name. Roth, 408 U.S. at 573 & n.12. (1972); Mustafa v. Clark County School District, 157

5   F.3d 1169, 1179 (9th Cir. 1998).

6           To implicate constitutional liberty interests, however, the reasons for a termination or

7   other employment action must be sufficiently serious to "stigmatize" or otherwise burden

8   the individual so as to foreclose him from obtaining other employment opportunities.  Ulrich

9   v City and County of San Francisco, 308 F.3d 968, 981-82 (9th Cir. 2002); Bollow v.

10  Federal Reserve Bank of San Francisco, 650 F.2d 1093, 1100 (9th Cir. 1981).  An

11  employer's statements regarding the quality of an employee's job performance are not, as

12  a matter of law, stigmatizing.  See Bollow, 650 F.2d at 1101 (statements that plaintiff was

13  unable to get along with co-workers are not stigmatizing); Loeher v. Ventura County

14  Community College Dist., 743 F.2d 1310, 1318 (9th Cir. 1984) (publicized charges against

15  fired college supervisor of "gross incompetence," faculty and management criticism, and

16  conflict of interest are not actionable).

17          Nor will a mere transfer, demotion, or failure to promote implicate a public

18  employee's liberty interest.  See Mustafa, 157 F.3d at 1179 (transfer of plaintiff to another

19  school insufficient to implicate his liberty interest); Nunez, 147 F.3d at 873 (liberty interest

20  not implicated by denial of promotion).  Here, plaintiff has not suffered any loss of

21  employment.  He remained a City employee throughout the period in question, and

22  continues to hold the same position as a Sergeant with the SFPD.  Thus, he has not

23  suffered a deprivation of a liberty interest sufficient to bring a claim for relief.

24          Finally, it is not clear from the complaint whether plaintiff is claiming a substantive

25  due process violation in addition to any procedural due process violation, see Cplt ¶¶ 23,

26  24, but even if he is, the claim is not valid.  As noted above, the plaintiff alleging such a

27  violation must first show a "government deprivation of life, liberty, or property", which

28  plaintiff cannot show.  Nunez, 147 F.3d at 871.  Moreover, plaintiff cannot show that the

**United States District Court**

For the Northern District of California

1    interests alleged in the complaint – employment discrimination and retaliation – are the

2    types of interests protected by substantive due process, i.e., "fundamental rights" embodied

3    in the United States Constitution.  See Moore v. East Cleveland, 431 U.S. 494, 502 (1977).

4         3.    Equal protection claim

5         The City also argues that to the extent that plaintiff asserts a violation of equal

6    protection based on claims other than racial discrimination, the complaint fails to state a

7    claim.  Plaintiff alleges that he was terminated based on his race, and in retaliation for

8    having complained about racial discrimination.  The City argues that because this theory of

9    liability for retaliatory conduct falls outside of § 1983, plaintiff is precluded from proceeding

10   on this theory.

11        The motion is GRANTED.  See Boyd v. Illinois State Police, 384 F.3d 888, 898 (7th

12   Cir.2004) (right to be free from retaliation may be vindicated under the First Amendment or

13   Title VII, but not the Equal Protection Clause); see also Long v. Laramie County

14   Community College Dist., 840 F.2d 743, 752 (10th Cir. 1988) (theory of liability for

15   retaliatory conduct, asserting violations of the Equal Protection Clause, does not come

16   within § 1983); Sizemore v. City of Dallas, 443 F.Supp.2d 1201, 1204-05 (D. Or. 2009)

17   (based on reasoning in decisions from First, Second, Sixth, Seventh, and Tenth Circuits,

18   court concludes that plaintiff is precluded from bringing retaliation claim under 42 U.S.C.

19   § 1983 based on alleged violations of his equal protection rights).

20                                    **CONCLUSION**

21        In accordance with the foregoing, the court hereby GRANTS the City's motion.  The

22   SFPD is dismissed from the case; the due process claim in the second cause of action is

23   dismissed; and the equal protection claim in the second cause of action is dismissed to the

24   extent that it is premised on a claim of retaliation or on a claim other than the allegation of

25   racial discrimination.  Because the court finds that amendment would be futile, the

26   dismissal is with prejudice.

27        The date for the hearing on the City's motion, previously set for April 29, 2009, is

28   VACATED.

1        The case management conference will proceed on the remaining claims on May 28,

2  2009, at 2:30 p.m., as scheduled.  If plaintiff's counsel remains on inactive status, he may

3  not appear, and plaintiff shall substitute in new counsel or be prepared to proceed in

4  propria persona.

5

6  **IT IS SO ORDERED.**

7  Dated:  April 14, 2009

8                                                       PHYLLIS J. HAMILTON
                                                United States District Judge

**United States District Court**
For the Northern District of California