United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FREDERICK SCHIFF,

    Plaintiff,

    v.

CITY AND COUNTY OF SAN FRANCISCO, et al.,

    Defendants.
_____/

No. C 08-4627 PJH

**ORDER DENYING MOTION FOR LEAVE TO AMEND THE COMPLAINT**

The motion of plaintiff Frederick Schiff ("plaintiff" or "Schiff") for leave to amend the complaint in the above-entitled action (also referred to as <u>Schiff II</u>) came on for hearing before this court on February 9, 2011. Plaintiff appeared by his counsel Thomas Rourke, and defendants City and County of San Francisco ("the City") and former Chief of Police Heather Fong appeared by their counsel Lauren Monson. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby DENIES the motion as follows and for the reasons stated at the hearing.

The present complaint in this action, which was filed on October 6, 2008, alleges claims for discrimination, retaliation, and harassment in violation of 42 U.S.C. § 1981 and Title VII of the 1964 Civil Rights Act, 42, U.S.C. § 2000e, et seq. ("Title VII"); claims for violation of equal protection rights under 42 U.S.C. § 1983; and claims for discrimination and retaliation under the Fair Employment and Housing Act, Cal. Gov't Code § 12940(h) ("FEHA").

The § 1981 claims, the § 1983 claim, and the FEHA claims are alleged against both defendants, and the Title VII claims are alleged against the City only. The basis of the

complaint is that the City failed to promote Schiff to the position of Lieutenant from the 2005 List (comprising individuals who had taken the 2005 Lieutenant's examination). The 2005 List expired on October 2, 2008.

Schiff now seeks leave to amend the complaint to add claims for injunctive relief under California Labor Code § 1102.5, and Art. I, §§ 3 and 31 of the California Constitution. In the alternative to seeking leave to amend the complaint in this action, and seeking leave to file a fourth amended complaint in Schiff v. Barrett, No. C-10-1051 PJH ("Schiff III"),[1] Schiff seeks leave to amend the complaint in this action to add the new claims, and to "supplement" this complaint with all the allegations and claims asserted in Schiff III.

Federal Rule of Civil Procedure 15 requires that a plaintiff obtain either consent of the defendant or leave of court to amend its complaint once the defendant has answered, but "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a); see also, e.g., Chodos v. West Pub. Co., 292 F.3d 992, 1003 (9th Cir. 2002) (leave to amend granted with "extreme liberality"). Leave to amend is thus ordinarily granted unless the amendment is futile, would cause undue prejudice to the defendants, or is sought by plaintiffs in bad faith or with a dilatory motive. Foman v. Davis, 371 U.S. 178, 182 (1962); Smith v. Pacific Properties and Dev. Corp., 358 F.3d 1097, 1101 (9th Cir. 2004).

Defendants argue that the motion should be denied because Schiff delayed unduly in seeking leave to amend, because defendants will be prejudiced if they have to defend against these new claims, because the motion is brought in bad faith, and because the amendments are futile.

The court finds that the motion must be DENIED. First, the court finds that Schiff delayed unduly in seeking leave to amend. In assessing timeliness, the Ninth Circuit does not "merely ask whether a motion was filed within the period of time allotted by the district court in a Rule 16 scheduling order." AmerisourceBergen, 465 F.3d at 953. Rather, the court also inquires "whether the moving party knew or should have known the facts and

---

[1] Schiff's motion for leave to file a fourth amended complaint in Schiff III is the subject of a separate order issued on the same date as the present order.

theories raised by the amendment in the original pleading." Id. (citing cases). Where the court finds that facts or theories were available to the plaintiff prior to a previous amendment of the complaint, the court is justified in concluding that the motion to amend was made after undue delay. See Chodos, 292 F.3d at 1003 (citing Lockheed Martin Corp. v. Network Solutions, 194 F.3d 980, 986 (9th Cir. 1999)).

      Here, there is no question that the facts and theories he seeks to add have long been available to him. Thus, the court finds that he has unduly delayed in seeking leave to amend to add these new claims.

      However, the Ninth Circuit has also held that delay alone is insufficient to support a denial of leave to amend. United States v. Webb, 655 F.2d 977, 980 (9th Cir. 1981). The court considers prejudice to the opposing party to be the most important factor. Jackson v. Bank of Hawai'i, 902 F.2d 1385, 1387 (9th Cir. 1990).

      Here, the court agrees with defendants that the addition of the proposed new claims will alter the nature of the litigation, and will require defendants to undertake, at this relatively late date, a new course of defense. While this factor is not fatal to amendment, it "enters into the balance" in the court's determination of whether to grant a motion for leave to file an amended complaint. Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990).

      In addition, where new claims will necessitate substantial additional discovery, a proposed amendment may be found to prejudice the defendant. See United States v. Pend Oreille Pub. Utility Dist. No. 1, 28 F.3d 1544, 1552-53 (9th Cir. 1994). Here, the new claims will undoubtedly require additional depositions, and will also require the City to update its previously served discovery responses. The discovery cut-off date is March 18, 2011, and the proposed new claims will justify requiring defendants to produce substantial additional discovery within the remaining time allotted. Given that this action has been pending since October 6, 2008, the court sees no reason to allow plaintiff to amend the complaint at this late date to include allegations that go back to as early as 1993.

      Finally, with regard to futility, as the proposed new claims seek only injunctive relief,

3

United States District Court
For the Northern District of California

the are not subject to a requirement of administrative exhaustion.  It is not clear from the allegations in the proposed amended complaint whether either of the proposed new claims would be time-barred.  Nevertheless, the court finds that the combination of undue delay and prejudice is sufficient to warrant denying leave to amend the complaint.

As for plaintiff's "preferred alternative" (amending the complaint in this action to add the new claims and incorporate all the allegations and claims from Schiff III), the motion is DENIED, for the reasons stated with regard to the motions to amend Schiff II and Schiff III and the motion to "supplement" Schiff III.  In addition, it appears that plaintiff is seeking to consolidate the two actions, and seeking leave to file a consolidated amended complaint.

Consolidation of two cases is favored where the two actions "involve a common question of law or fact."  Fed. R. Civ. P. 42(a).  Here, while there are some common questions of law involved, the facts alleged in Schiff II and Schiff III relate to two different time periods, and involve many different alleged facts.

In addition, the court notes that it has broad discretion in deciding a motion for consolidation.  Huene v. United States, 743 F.2d 703, 704 (9th Cir. 1984).  The court generally should weigh the saving of time and effort that consolidation would produce against any inconvenience, delay or expense that it would cause.  Id.  While consolidation is generally favored, in this case, the court is not persuaded that the result of consolidation in this instance would be judicial economy.

In accordance with the foregoing, plaintiff's motion for leave to amend the complaint is DENIED, as is the motion to consolidate this action with Schiff III.

**IT IS SO ORDERED.**

Dated: February 14, 2011

_____
PHYLLIS J. HAMILTON
United States District Judge