IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDERICK SCHIFF,<br><br>           Plaintiff,<br><br>   v.<br><br>THE CITY AND COUNTY OF SAN FRANCISCO,<br><br>           Defendant.<br>_____/ | No. C-08-4627 PJH (EDL)<br>No. C-10-1051 PJH (EDL)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTIONS TO COMPEL; GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR PROTECTIVE ORDER; DENYING PLAINTIFF'S MOTIONS FOR SANCTIONS** |

For the reasons stated at the hearing on March 8, 2011, the Court issues the following Order.

**Plaintiff's first motion to compel and first motion for sanctions**

1.  Plaintiff sought an order compelling further responses to Requests for Production of Documents and Requests for Admission that focus primarily on the validity of the police lieutenant's examinations that took place during the timeframe relevant to this case. At the hearing, Plaintiff confirmed that he is not challenging the examination process itself. As discussed, the parties are ordered to meet and confer in an effort to reach a stipulation that the police lieutenant's examinations were race-neutral and valid. If such a stipulation can be reached, Plaintiff's Requests for Production of Documents and Requests for Admission regarding the examination procedures will be moot.

2.  Plaintiff also sought to compel a further response to Request for Production 18. Because Plaintiff is not challenging the validity of the examinations, that request is overbroad to the extent it seeks documents relating to those examinations. However, Plaintiff is entitled to documents discussing or disclosing race in connection with the selections of police officers.

3.  To the extent that Plaintiff's motion to compel sought production of police personnel files

1 and internal affairs files, the motion is denied.

2 4. Plaintiff's first motion for sanctions, based on his first motion to compel, is denied.

**Plaintiff's second motion to compel and second motion for sanctions**

5. Plaintiff sought an order compelling Defendants' deposition pursuant to Federal Rule of Civil Procedure 30(b)(6) primarily on the issue of the validity of the examinations. As described above, if the parties are able to reach a stipulation as to the validity of the examinations, Plaintiff's request for the deposition regarding banding procedures will be moot. In addition, any relevant information that could be obtained through the deposition is outweighed by the burden of producing a witness, and so the motion to compel is denied. See Fed. R. Civ. P. 403.

6. Plaintiff seeks production of unredacted copies of two documents, arguing that they were improperly redacted as attorney-client privileged. The Court has examined unredacted copies of the documents at issue and concludes that they were properly redacted based on the attorney-client privilege. Plaintiff's motion to compel their production is denied.

7. Plaintiff seeks production of certain telephone records. At the hearing, Defendants agreed to sign a release to allow Plaintiff to obtain those records from the telephone company for the specific dates and specific telephone numbers contained in the discovery requests. That resolves Plaintiff's motion to compel the telephone records.

8. Plaintiff also seeks production of computer dispatch records. This portion of Plaintiff's motion to compel is granted.

9. Plaintiff's motion to compel further responses to Requests for Admission regarding the banding procedure is denied.

10. Plaintiff's second motion for sanctions, based on his second motion to compel, is denied.

11. This ruling also resolves Defendant's motion for protective order.

**IT IS SO ORDERED.**

Dated: March 10, 2011

ELIZABETH D. LAPORTE
United States Magistrate Judge